Fernando **FERNANDEZ** and wife, Deborah M. Fernandez, AEE Construction, LLC, and Alamo Farmsteads–Babcock Road Neighborhood Association, Inc., Appellants,

v.

**CITY OF SAN ANTONIO**, San Antonio Planning Commission, William D. Jackson, and Kitchener Land Development, Lt., Appellees.

No. 04–03–00512–CV.

Court of Appeals of Texas, San Antonio.

Dec. 29, 2004.

Richard J. Karam, Law Office of Richard J. Karam, San Antonio, for appellants.

Barbara L. Quirk, William M. McKamie, Law Office of William M. McKamie, P.C., Emerson Banack, Jr., Gayla Corley, Langley & Banack, San Antonio, for appellees.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

This appeal highlights the conflict between the desire of landowners to preserve the pastoral quality of a suburban neighborhood and the press of modern development. Appellants, the neighborhood association and several landowners within the Alamo Farmsteads neighborhood of San Antonio, brought suit against several developers and the City of San Antonio, seeking to enjoin certain development within the Alamo Farmsteads neighborhood. Alternatively, appellants sought monetary damages for the decrease in property values they alleged would result from the planned development within their neighborhood. At issue was the number of houses planned per acre, and whether the planned development violated the terms of the Alamo Farmsteads Neighborhood Plan developed by the neighborhood residents and recognized by the City of San Antonio in 1994. The City and the developers sought summary judgment on numerous grounds. The landowners also sought summary judgment. After several hearings, an intervening appeal to this court, and a mandamus proceeding, five summary judgments were entered, ultimately resulting in a final judgment in favor of the City and the developers.[1] On appeal the landowners challenge the summary judgments on numerous grounds. We affirm the summary judgments in this memorandum opinion pursuant to TEX. R.APP. P. 47.4.

### 1. Motion to Dismiss

■ Initially we address the joint motion to dismiss this appeal filed by the City and the developers. The motion alleges the matter is moot because all lots at issue in this case have been sold, homes have been built on the lots, and the homes have been sold to homeowners who now occupy the homes. Accordingly, the City and the developers contend the relief requested by appellants "can have no practical effect on the outcome of this case" and the appeal should therefore be dismissed as moot. We agree the injunctive relief requested by appellants, which would have ultimately precluded the density of development that occurred, is now moot. However, the landowners also sought damages for the "diminution of their property values" caused by the development of the land in question. This claim for damages was not rendered moot by the actual development of the land. We therefore deny the joint motion to dismiss the appeal.

### 2. The Alamo Farmsteads Neighborhood Plan

■ In the 1980s the residents of Alamo Farmsteads, in conjunction with the City of San Antonio Planning Department, conferred to develop a plan for the development of their neighborhood. The result was the Alamo Farmsteads Neighborhood Plan, which expressed the desire of the neighborhood residents to maintain a ratio of one to four houses per acre. The Plan was self-described as providing "guidelines for the preservation of the quality of life and the harmonious growth" of the neighborhood. Additionally, the Plan made "the neighborhood's desires available in writing to City decision makers who decide on

---

1. The summary judgments granted in favor of the City and the developers were signed on May 7, 2002; May 9, 2002; May 12, 2003; and June 12, 2003. The order denying the landowners' requested summary judgment was signed on June 12, 2003. The Honorable Karen Pozza, presiding judge of the 407th Judicial District Court signed the 2002 judgments. The 2003 judgments were signed by the Honorable John D. Gabriel, Jr., presiding judge of the 131st Judicial District Court.

policies and/or actions that could affect the neighborhood's future."

By resolution dated December 22, 1994, the City of San Antonio recognized the Neighborhood Plan as an addendum to the neighborhood planning component of the City's Master Plan. In 1998, a second resolution was passed by the City continuing recognition of all neighborhood plans until "expressly repealed." Appellants contend the Neighborhood Plan remains in effect and is binding on the City because it has never been "expressly repealed." We do not agree that the Neighborhood Plan is still in effect. The Neighborhood Plan specified that it was of limited duration:

> After recognition by the Planning Commission and the City Council of the City of San Antonio, the Plan becomes an addendum to the Neighborhood Planning Process of the Master Plan. The Plan remains in effect for a period of no more than five years.

Clearly the Plan was intended to remain in effect for a maximum of five years. The 1998 resolution continuing recognition of the Plan by the City until "expressly repealed" could not breath life into the Plan beyond the time period specified in the Plan itself. There is no indication in the Plan or anywhere else in the record that residents of the Alamo Farmsteads neighborhood or the members of the Alamo Farmsteads Neighborhood Planning Team who drafted the Plan ever intended to grant the City the right to alter the terms of the Plan. By its own terms the Plan expired on December 22, 1999, five years after it was first recognized by the San Antonio City Council. Accordingly, the Neighborhood Plan was not in effect in 2001 when the City approved the replat of the property in question, thereby allowing the property to be more densely developed than contemplated by the Neighborhood Plan. The trial court's summary judgment

in favor of the City and the developers can be sustained on this ground alone. *See Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995) (If the trial court grants a motion for summary judgment without stating the grounds on which it relied, an appellate court must affirm the summary judgment if any ground argued in the motion was sufficient.).

### 3. The Advisory Nature of the Neighborhood Plan

■ The summary judgment in favor of the City and the developers is further supported on the ground that the Neighborhood Plan, regardless of its expiration date, was merely advisory and not binding on the City. The Plan is self-described as providing "guidelines" to the City designed to preserve the quality of life within the neighborhood. Pertinent to the specific issue at hand—density of housing development—the Plan seeks to "encourag[e] additional low-density residential development on vacant or under-utilized land." To facilitate this goal, "the neighborhood will ask the San Antonio Zoning Commission to create two new low-density residential zoning districts" within the neighborhood. Finally, the Plan is intended to make "the neighborhood's desires concerning its atmosphere and suggestions for retention of that atmosphere known to City decision makers who decide on policies and actions that could affect its future...."

From the language employed in the Plan it is evident that the Plan is merely advisory. Indeed, as the City argues, even the City's Master Plan, of which the Neighborhood Plan was a component, is merely a guide for rezoning requests rather than a mandatory restriction on the City's authority to regulate land use. To allow the residents of the Alamo Farmsteads neighborhood to impose its desires on the City's authority to regulate land use raises issues

about the propriety of such a delegation of the City's legislative power to private entities. *See Texas Boll Weevil Eradication Found., Inc. v. Lewellen,* 952 S.W.2d 454, 469 (Tex.1997) (acknowledging the constitutional issues presented by private delegation of public powers). The trial court properly entered judgment in favor of the City and the developers based on the purely advisory nature of the Plan.

Because the City and the developers proved their entitlement to summary judgment as a matter of law, the summary judgments entered by the trial court are in all things affirmed.