**In re Jim SHARP, Relator.**

No. 06–0061.

Supreme Court of Texas.

Jan. 27, 2006.

J.W. Beverly, Dow Golub Berg & Beverly, LLP, Geoffrey Alan Berg, Houston, David R. Richards, Austin, for Relator.

Chad Wilson Dunn, Riddle & Brazil, LLP, Houston, for Real Party.

Jay B. Stewart, Hance Scarbrough Wright Woodward & Wesibart, LLP, Thomas R. Phillips, Susan Ann Dillon Ayers, Baker Botts L.L.P., Austin, Stephen G. Tipps, Amy Douthitt Maddux, Amy Rebecca Lewis Champagne, Martha Garrison Newton, Baker Botts, L.L.P., Houston, for Other.

Justice BRISTER delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice HECHT, Justice MEDINA and Justice GREEN joined.

In this companion case to *In re Francis*,[1] Jim Sharp, a candidate for the First Court of Appeals, Place 9, filed his application, petition, and filing fee with the Texas Democratic Party. Although a Party official reviewed Sharp's filing and assured him that everything was in order, he was later notified that he would not be certified as a candidate because his application had not been notarized. Because Sharp could have remedied this defect had the Party pointed it out rather than overlooked it, we hold that he is entitled to an opportunity to cure and, if he does, a place on the primary ballot.

On January 2, 2006, Sharp filed his application to become a candidate for Justice of the First Court of Appeals, Place 9, in the Democratic Party primary. He delivered the application in person to the Texas Democratic Party headquarters in Austin; there he signed it after filling in all the blanks, including those in the required statement "I, _____, of _____ County, Texas, being a candidate for the office of _____, swear that I will support and defend the constitution and laws of the United States and of the State of Texas."[2] But Sharp's signature was not notarized. On January 10, 2006, the State Chair of the Texas Democratic Party, Charles E. Soechting, notified Sharp that

---

1. 158 S.W.3d 534 (Tex.2006).

2. *See* TEX. ELEC. CODE § 141.031(4)(K).

he would not be certified as a candidate because his application "was not properly acknowledged."

We need not decide whether Sharp's application was "signed and sworn to" (as required by the Election Code[3]) when his signed statement to that effect was not notarized. Assuming without deciding that the application was defective, we hold as we did in *Francis* that the Election Code does not mandate that this defect be punished by exclusion from the ballot.

Sharp alleges that the facial defect on his application could have been immediately cured if he had been notified of the defect, and we can see no reasonable basis for disputing that assertion. Moreover, even a cursory review of Sharp's application should have discovered the alleged defect. Once the Party told Sharp his application was in order, it could not change that decision without giving him the same opportunity to cure as he would have had before the deadline passed.[4]

Accordingly, we conditionally grant the writ of mandamus and direct Soechting to allow Sharp the opportunity to cure the facial defect in his application. If Sharp does cure the facial defect, we further direct Soechting to certify him as a candidate for Justice of the First Court of Appeals, Place 9. We are confident Soechting will promptly comply, and our writ will issue only if he does not.

Justice O'NEILL concurred in the decision.

Justice JOHNSON filed a dissenting opinion, in which Justice WAINWRIGHT joined.

Justice WILLETT did not participate in the decision.

Justice JOHNSON, joined by Justice WAINWRIGHT, dissenting.

I respectfully dissent from the Court's decision to grant mandamus relief on two grounds.

First, relator Sharp did not first seek relief in the court of appeals as Texas Rule of Appellate Procedure 52.3(e) requires. *See* TEX. R. APP. P. 52.3(e) ("If the Supreme Court and the court of appeals have concurrent jurisdiction, the petition must be presented first to the court of appeals unless there is a compelling reason not to do so."). He asserts two "compelling reasons" for not doing so: (1) there is a limited time available to resolve this matter, and (2) the relief sought potentially affects a sitting justice of, and candidate for, the First Court of Appeals, Place 9, which is the office for which Sharp is seeking to become a candidate on the Democratic primary ballot. As to the first "compelling reason," a lack of time, relator neither cites authority for his position that the time constraints involved are compelling, nor offers explanation why time is so pressing now, when his petition in this Court was not filed for fourteen days after the date of the Democratic party chair's letter notifying him that he would not be certified as a candidate. As to the second "compelling reason," he does not (1) cite authority, (2) explain his concern as to a sitting justice of the First Court of Appeals when he does not allege or present facts showing that venue for this mandamus proceeding would be proper in the First Court of Appeals, (3) explain why, even if venue would be proper in the First Court of Appeals, his petition for mandamus could not have been filed in the Fourteenth Court of Appeals which has coterminous geographical jurisdiction with the

---

3. *Id.* § 141.031(2).

4. 186 S.W.3d at 556.

First Court, or (4) explain why the rules of procedure governing recusal of justices would not be sufficient protection from any potential difficulties he speculates might occur even if the petition had been filed in the First Court. *See* TEX. R. APP. P. 16.3, 17; TEX. R. CIV. P. 18b.

Second, I would decline relief because Sharp's petition presents matters which should first be brought in a trial court where factual issues and matters bearing on his entitlement to relief could be explored by all parties, and, to the extent necessary, conflicting evidence reconciled. *See In re Gamble,* 71 S.W.3d 313, 318 (Tex.2002). Although mandamus is not an equitable remedy, its issuance is "largely controlled by equitable principles" such as consideration of the diligence exercised by a party seeking relief. *See Rivercenter Assoc. v. Rivera,* 858 S.W.2d 366, 367 (Tex. 1993). And, mandamus is inappropriate when factual issues exist. *See In re Gamble,* 71 S.W.3d at 318; *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex.1990). Sharp seeks relief although he does not explain the delay between the date of the letter by which he was notified that he would not be certified as a candidate and the filing of his petition for mandamus. Nor, although he claims there are no factual conflicts or inquiries that bear on his request for relief, does he show the absence of such factual issues and matters. For example, aside from the unexplained delay in filing his petition for relief, Sharp asserts that he seeks to be a candidate for Justice of the First Court of Appeals, Place 9, while the notification that he would not be certified as a candidate references Justice of the Fourth Court of Appeals, Place 1. Presumably, although the discrepancy is not addressed by Sharp, the discrepancy in the notification letter is merely a clerical error. But, this limited mandamus record and petition do not address the matter.

Considering the foregoing, I would deny mandamus relief.