**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

————————————

**NO. 09-16-00073-CV**

————————————

**LESLIE E. BARRAS AND HISTORIC ORANGE PRESERVATION EMPOWERMENT, INC., APPELLANTS**

**V.**

**THE CITY OF ORANGE, TEXAS, ET AL., APPELLEES**

**On Appeal from the 260th District Court**
**Orange County, Texas**
**Trial Cause No. D-160,030-C**

**MEMORANDUM OPINION**

Leslie E. Barras and Historic Orange Preservation Empowerment, Inc.[1]

appeal from the trial court's order denying their request seeking temporary

injunctive relief against the City of Orange, the Mayor of Orange, the Orange City

---

[1] The appellants filed a joint brief, and in the opinion, we refer to the appellants Leslie E. Barras and Historic Orange Preservation Empowerment, Inc. collectively as HOPE.

1

Council, and the Orange City Manager.[2] According to HOPE, the trial court abused its discretion by denying HOPE's request to enjoin the CITY from moving its principal administrative offices from an area outside the area the parties describe as the Old Town Center, or generally downtown Orange. We conclude the trial court did not abuse its discretion by denying HOPE's request for temporary injunctive relief; therefore, we affirm the trial court's order.

Background

In 1996, by motion, the City of Orange approved a Comprehensive Master Plan, a document that the City approved as "a guide to the physical development of Orange[.]"[3] The Plan provided that City Hall, along with other governmental offices, should be centralized in the Old Town Center.

---

[2] The appellees filed a joint brief. In the opinion, the appellees are referred to collectively as the CITY.

[3] The document evidencing the City's adoption of the Comprehensive Master Plan is entitled "Motion." However, there is no difference in a resolution, order, and motion in a court's determination regarding the validity of a municipal enactment. *See Hicks v. City of Houston*, 524 S.W.2d 539, 544 (Tex. Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). In this case, it is undisputed that the City did not follow the procedures required to adopt the entirety of the Comprehensive Master Plan by ordinance, and the language in the Motion adopting the resolution to approve the Comprehensive Master Plan does not indicate that the council members voting on that resolution intended to enact the entire Comprehensive Master Plan as an ordinance. Article III, Section 3.11, Home Rule Charter for the City of Orange, Texas, available at https://www.

2

In 2016, Orange's City Council authorized the City to purchase a building on 16th Street, which the City planned to remodel and then use to house City Hall and other City offices. The evidence from the hearing shows that 16th Street lies outside the Old Town Center. Subsequently, HOPE sued the CITY, and alleged that by authorizing the relocation of the City's offices in another area of the City, the CITY had failed to follow the procedures required by the City's Comprehensive Master Plan and the City's Charter to relocate the offices away from the Old Town Center.

In March 2016, the trial court conducted a hearing on HOPE's request seeking to temporarily enjoin the CITY from moving forward with its plans to relocate the City's offices. During the hearing, three witnesses testified: Jimmy Sims, Orange's Mayor; Shawn Oubre, Orange's City Manager; and Leslie E. Barras, an attorney who testified that she has experience with laws that govern historic preservation. Following the hearing, the trial court, by letter, advised the parties the Comprehensive Master Plan merely guided Council's decisions regarding the location of the City's offices, and indicated that the directions in the

municode.com/library/tx/orange/codes/code_of_ordinances?nodeId=HORUCH (last visited November 2, 2016).

3

Plan on locating the offices in the Old Town Center were not mandatory.[4] Subsequently, HOPE filed a timely interlocutory appeal in which it seeks to overturn the trial court's ruling on its request for a temporary injunction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West Supp. 2016) (authorizing an interlocutory appeal from a decision on a temporary injunction).

## Standard of Review

At the outset, we note that the trial court had jurisdiction over HOPE's claim that various city officials acted without any authority when Orange City Council authorized the City of Orange to move its administrative offices outside the Old Town Center.[5] *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 371-72 (Tex. 2009). And, we further note that the Legislature authorized appeals courts to

---

[4] The trial court's letter reflects the reasons that the trial court decided to deny HOPE's request. However, on appeal, letter rulings, unlike findings that result from requests filed under Rule 296 of the Texas Rules of Civil Procedure, are not treated with the same deference. *See Cherokee Water Co. v. Gregg Cty. Appraisal Dist.*, 801 S.W.2d 872, 878 (Tex. 1990). In this case, the record shows that neither party asked the trial court to make findings to explain the reasons the trial court reached its ruling under Rule 296. *See* Tex. R. Civ. P. 296.

[5] None of the defendants filed pleas to the jurisdiction, but the City may challenge whether the trial court has jurisdiction over it at any time. *Waco Indep. Sch. Dist. v. Gibson,* 22 S.W.3d 849, 850 (Tex. 2000). Therefore, because the issue was not raised and it has not been briefed, we do not imply by our ruling that the trial court possesses subject matter jurisdiction over the City of Orange with respect to HOPE's ultra vires claims. Nonetheless, generally, a city is not a proper party to a suit when the suit is based solely on the plaintiff's ultra vires claim. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 371-72 (Tex. 2009).

consider interlocutory appeals that challenge a trial court's ruling on a request seeking temporary injunctive relief. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4).

On appeal, appeals courts use an abuse-of-discretion standard to review rulings by trial courts on requests that parties have made seeking a temporary injunction. *Davis v. Huey,* 571 S.W.2d 859, 861-62 (Tex. 1978). Under that standard, an appeals court can find that an abuse of discretion occurred if the record shows that the trial court acted in an unreasonable or arbitrary manner. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). However, an abuse of discretion does not exist where the trial court based its decision on conflicting evidence. *Davis,* 571 S.W.2d at 862. We note that when a trial court rules on the motion seeking temporary injunctive relief, the trial court has not made a final decision on any of the disputed facts. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002). Instead, the question the trial court addresses in the hearing on such requests is whether a temporary injunction is necessary "to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Id.* In reviewing the trial court's ruling resolving a request seeking a temporary injunction, the merits of the underlying case are not presented for appellate review, and our review is "strictly limited to determination of whether

5

there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order." *Davis,* 571 S.W.2d at 861-62. Moreover, where the record contains some evidence that reasonably supports the trial court's decision on the request, the trial court does not abuse its discretion if it has ruled on the request in a manner that is consistent with evidence in the record that supports its ruling. *See Butnaru,* 84 S.W.3d at 211 (citing *Davis,* 571 S.W.2d at 862).

In deciding whether to grant or deny an application for a temporary injunction, trial courts must decide whether the party seeking the injunction has established the elements required to prevail on a request seeking temporary injunctive relief. *Id.* at 204 (citing *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex. 1993)). To prevail on a claim seeking a temporary injunction, the applicant must plead and prove: "(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Id.* In an appeal from the trial court's ruling, unless the trial court's action on the request for injunctive relief was so arbitrary that it exceeded the bounds of reasonable discretion, the reviewing court may not substitute its judgment for the judgment made by the trial court. *Id.*

## Temporary Injunction

In one issue, HOPE argues that the trial court abused its discretion when it refused to enjoin the CITY from relocating Orange's City Hall and the City's principal administrative offices to an area of Orange that lies outside the boundaries of the Old Town Center. According to HOPE, the decision the CITY has made to relocate Orange's City Hall and other offices to 16th Street conflicts with mandatory requirements that are in the City's Comprehensive Master Plan and Charter that they argue mandate these offices be located in the Old Town Center. HOPE argues that that the CITY was required to amend the City Charter to move the offices to 16th Street because the City Charter requires that "[n]o subdivision, street, park, or any public way, ground or space, public building or structure or public utility, whether publicly or privately owned which is in conflict with the comprehensive plan shall be constructed or authorized by the City." Article VIII, Section 8.04, Home Rule Charter for the City of Orange, Texas, *supra* website note 3. Additionally, HOPE contends the trial court abused its discretion by failing to follow the requirements of the Comprehensive Master Plan by considering the Plan merely as a guide regarding where the City's principal administrative offices are to be located.

7

In response to HOPE's arguments, the CITY contends that the trial court properly concluded that with respect to the location of the City's offices, the Comprehensive Master Plan served only to guide the decision and that the Plan, with respect to the location of the offices, was not mandatory. Additionally, the CITY contends that the Plan's provisions addressing the location of the City's offices were never adopted by ordinance, and the CITY suggests that city councils elected after 1996 were not prohibited by the Plan from relocating the City's offices without first amending the Plan or the City Charter.

We take judicial notice that the City of Orange is a home rule city, and that it derives its power from article XI, section 5 of the Texas Constitution.[6] Tex. Const. art. XI, § 5; *see* Article II, Section 2.01, Home Rule Charter for the City of Orange, Texas, *supra* website note 3. We further recognize that a municipality, such as the City of Orange, was authorized to create and adopt a comprehensive plan that provided for the City's long-term development. Tex. Loc. Gov't Code Ann. § 213.002 (West 2016).

---

[6] The City of Orange's status as a home rule city is a legislative fact. *Compare Emerson v. State,* 880 S.W.2d 759, 765 (Tex. Crim. App. 1994) ("Judicial notice, both of adjudicative and legislative facts, may be taken on appeal."), *and Gonzales v. State,* 723 S.W.2d 746 (Tex. Crim. App. 1987) (noting that courts may take judicial notice that home rule city has been incorporated), *with* Tex. R. Evid. 201(a) (authorizing courts to take judicial notice of adjudicative facts).

The trial court focused on the language of the Comprehensive Master Plan in reaching its conclusion that HOPE was not entitled to the temporary injunction that it was seeking to prevent the CITY from moving forward with its plan to relocate the City's offices to 16th Street. The Plan provides that it is "a guide to the physical development of Orange[,]" and it states that it is "a tool for elected and appointed officials and city staff to guide decision making for growth and development issues." The Plan also contains language that the Plan "serves as the guiding document, directing the City toward the attainment of its dreams and desires." We find no language in the Plan mandating that future city councils were required to amend the Plan before they could relocate the City's offices to another area of the City.

Although HOPE argues that the strategies described in the Plan that address the location of the City's offices made leaving the offices in the Old Town Center a mandatory requirement of the Plan, the Plan describes the implementation strategies as ideas "suggested to meet the [o]bjectives" of the Plan. While some of the provisions found in the Comprehensive Master Plan were subsequently incorporated by the City into its zoning ordinances, those provisions are not at issue here. Additionally, the provisions in the Plan suggesting that the City's offices should remain in the Old Town Center were not shown to have been

9

incorporated into the City's ordinances during the hearing the trial court conducted on HOPE's motion.

We also address HOPE's argument that the City's Charter prohibits the CITY from relocating the City's offices to 16th Street without first amending the City's Charter. It is undisputed that the City did not amend its Charter prior to adopting the resolution authorizing the City's purchase of the building on 16th Street. According to HOPE, section 8.04 of the City's Charter needed to be amended before Orange's City Council could adopt a resolution authorizing the City to move its offices to the building on 16th Street. Section 8.04 of the Charter provides:

> No subdivision, street, park, or any public way, ground or space, public building or structure or public utility, whether publicly or privately owned which is in conflict with the comprehensive plan shall be constructed or authorized by the City.

Article VIII, Section 8.04, Home Rule Charter for the City of Orange, Texas, *supra* website note 3.

In response to HOPE's argument, the CITY argues that because the parts of the Plan relating to the location of the City's administrative offices were never adopted by ordinance, the resolution passed by City Council to move its facilities to 16th Street is not in conflict with the Comprehensive Master Plan. According to the CITY, the City of Orange's Charter provides that the City Council "shall

10

legislate by ordinance only," and the provisions of the Plan concerning the location of the City's offices were never adopted by ordinance. The CITY concludes that because the provisions of the Plan that are at issue in this appeal were never adopted by ordinance, that part of the Plan imposed no legal obligation on later Orange city councils. Article III, Section 3.11, Home Rule Charter for the City of Orange, Texas, *supra* website note 3.

It is well settled that a resolution is not an ordinance.[7] *See Hutchins v. Prasifka,* 450 S.W.2d 829, 832 (Tex. 1970) (explaining that a resolution is not a law but is used to express an opinion and cannot be used as a procedure to create laws when the legislative body has been mandated to legislate in a different form). In reviewing the record, we agree with the CITY that evidence admitted in the hearing failed to establish that the Comprehensive Master Plan provisions addressing the location of the City's offices were ever adopted by ordinance. Therefore, the trial court could reasonably view section 8.04 of the City's Charter as limited to those sections of the Plan that the City subsequently adopted through

---

[7] We note that some of the provisions of the Plan that are not at issue in the appeal are referred to in the City Zoning Ordinances, but none of the City's ordinances reference Section IV of the Plan, the part of the Plan that covers the Old Town Center.

ordinances that are not at issue here. Article III, Section 3.11, Home Rule Charter for the City of Orange, Texas, *supra* website note 3.

In the appeal, HOPE does not dispute the CITY's assertion that the Comprehensive Master Plan was adopted by resolution and not by ordinance. The record that was before the trial court also shows that the City adopted some of the provisions found in the Plan into its ordinances, although not the provisions that are at issue in this appeal. *See* City of Orange Code of Ordinances § 12.102.[8] Therefore, the trial court's view that section 8.04 of the City's Charter addressed only those sections of the Comprehensive Master Plan that were subsequently adopted by the City by ordinance[9] was not unreasonable.

We hold that the trial court's construction of the Comprehensive Master Plan regarding the relocation of the City's principal administrative offices was not unreasonable. *See Fernandez v. City of San Antonio,* 158 S.W.3d 532, 534-35 (Tex. App.—San Antonio 2004, no pet.) (concluding that the language used in a neighborhood plan was advisory). We further conclude that the trial court's

---

[8] Available at https://www.municode.com/library/tx/orange/codes/code_of_ordinances?nodeId=COOR_CH12PLZO (last visited November 2, 2016).

[9] Various zoning provisions in the Comprehensive Master Plan were adopted by ordinance, but in this case, the parties' dispute does not concern any zoning laws. *See* City of Orange Code of Ordinances §§ 12.101, 12.102, 12.304, 12.401, 12.402, available at https://www.municode.com/library/tx/orange/codes/code_of_ordinances?nodeId=COOR_CH12PLZO (last visited November 2, 2016).

decision that City Council was not required to amend the City Charter in order to lawfully pass the resolution that authorized the City to relocate its offices to 16th Street was also not shown in the hearing to have been unreasonable. Therefore, we hold that the trial court's decision denying HOPE's request for injunctive relief did not constitute an abuse of discretion. *See Butnaru*, 84 S.W.3d at 204. We overrule HOPE's issue arguing the trial court abused its discretion, and we affirm the trial court's order.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 1, 2016
Opinion Delivered November 17, 2016

Before McKeithen, C.J., Horton and Johnson, JJ.

13